IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH A. O'KEEFE | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 01 - CV - 2902 |
| v. | : | |
| | : | |
| MERCEDES-BENZ USA, LLC | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM AND ORDER

Van Antwerpen, J.                                                                                         June 4, 2003

     Presently before this court is Plaintiff Joseph A. O'Keefe's Joint Motion for the Assessment of an Appeal Bond and a Supersedeas Bond on the Objector/Appellants filed on May 6, 2003 [181-1].  Plaintiff O'Keefe moves pursuant to FED. R. APP. P. 7, 8(a)(1)(B) and 8(a)(2)(E).  We will grant Plaintiff's motion for an appeal bond in part, but deny Plaintiff's motion for a supersedeas bond.

I.  Background

     We have already detailed the factual and procedural background in our prior opinions at O'Keefe v. Mercedes-Benz USA, LLC, – F. Supp. 2d –, 2003 WL 1826501, at **1-3 (E.D. Pa. Apr. 2, 2003); and O'Keefe v. Mercedes-Benz USA, LLC, No. 01-CV-2902, 2002 WL 377122,

at *1 (E.D. Pa. Jan. 31, 2002).  In our April 2, 2003 Opinion and Order, we formally certified the class and approved the settlement.  We also painstakingly analyzed each and every objection by each Objector.  None of the complaints raised by the various objectors affected the April 2, 2003 Order or influenced the parties to alter their class settlement agreement.

Objectors/Appellants Nicole Yatooma, Ronald Pitts, Sandra Pitts, Shoals Provisions, Inc. and Horace Kynard have filed a joint appeal.  We received a Notice of Appeal on May 2, 2003, but we are not aware of their grounds for appeal.  Objector/Appellant Nicole Yatooma of Michigan is represented by Kentucky lawyer Robert W. Bishop, Michigan lawyers Bryan D. Marcus and Norman Yatooma (her husband), and Pennsylvania attorney Ralph J. Bellafatto.  Objectors/Appellants Ronald Pitts, Sandra Pitts, Shoals Povisions, Inc.[1] and Horace Kynard (collectively the "Pitts") are represented by attorneys John Quincey Somerville and Perry G. Shuttlesworth.  Somerville is also a class member and an objector.

II.  Discussion

    A.  Appeal Bond Will Be Granted in Part

Plaintiff moves for a cost based appeal bond totaling $268,467.  The requested bond consists of copying, printing, reproduction and attorney's fees on appeal.  The Objectors/Appellants do not dispute the issuance of an appeal bond which covers copying, printing and reproduction fees.  The issue before us is whether attorney's fees may be included as costs under FED. R. APP. P. 7.  Plaintiff contends that attorney fees may be included in the

---

[1] Defendant Mercedes-Benz USA, LLC maintains that Ronald Pitts, Sandra Pitts and Shoals Provision should be treated as one objector because it appears they jointly own one vehicle.  See Def.'s Post-Hearing Br., at 14 n.1 filed on Feb. 5, 2003 [150-1].

requested appeal bond. We will order Objectors/Appellants to post a $13,467 appeal bond.

Federal Rule of Appellate Procedure 7 states that the district court "may require an appellant to file a bond or provide other security in any amount necessary to ensure payment of costs on appeal." FED. R. APP. P. 7. Appellate Rule 7 does not define what items are to be included in "costs on appeal." The Third Circuit has issued one unpublished opinion,[2] on the issue. See Hirschensohn v. Lawyers Title Ins. Corp., No. 96-7312, 1997 WL 307777, *1 (3d Cir. June 30, 1997); but see Pedraza v. United Corp., 313 F.3d 1323, 1328-33 & n.12 (11th Cir. 2002) (critizing Hirschensohn and stating that the correct source for defining "costs" are the "costs" "properly awardable under the relevant substantive statute . . ." underlying the plaintiff's claim) (quoting Marek v. Chesny, 473 U.S. 1 (1985)); Adsani v. Miller, 139 F.3d 67, 73-74, 79 (2d Cir. 1998) (distinguishing Hirschensohn and allowing attorney's fees to be included in an appeal bond when the federal statute underlying the plaintiff's claims "includes attorney's fees 'as part of costs' which may be taxed on appeal . . . ."). In Hirschensohn the Third Circuit used two different tests to determine whether attorney's fees may be considered costs on appeal and subject to an appeal bond. These two tests, may provide conflicting answers, and the Third Circuit has not resolved the issue.

First, the court stated that FED. R. APP. P. 39 defines what may be included as costs in an appeal bond pursuant to FED. R. APP. P. 7. The court stated that FED. R. APP. P. 39 provides a detailed list of costs taxable in the district courts. See Hirschensohn, 1997 WL 307777, at *1. The court, assuming the Rule 39(e) list is exhaustive, stated that attorney's fees are not subject to

---

[2] Hirschensohn is a non-precedential under Procedure 5.3 of the Third Circuit's Internal Operating Procedures.

an appeal bond because attorney's fees are not listed as a cost in FED. R. APP. P. 39. Under this interpretation of Rules 7 & 39, attorney's fees are never subject to an appeal bond, nor taxable in the district court as costs on appeal.

Yet, the Third Circuit did not end its discussion with a complete bar to including attorney's fees in an appeal bond. The court used a second and completely different analysis to reach the same result. It looked to whether the statute underlying the plaintiff's cause of action defined costs to include attorney's fees. See id, at *3 (citing Vasquez v. Fleming, 617 F.2d 334, 335-36 (3d Cir. 1980)). The Hirschensohn case began in U.S. Virgin Island Territorial Court. The U.S. Virgin Island's code defines costs in civil cases to include attorney's fees incurred in district or municipal court, but not at the appellate level. See 5 V.I. CODE ANN. tit. 5, § 541(b) (2002) (granting court discretion to award costs and including "attorney's fees in maintaining the action or defenses thereto" as costs); Vasquez, 617 F.2d at 335 (interpreting 5 V.I. CODE ANN. tit. 5, § 541). The Third Circuit stated that attorney's fees in Hirschensohn could not be included in the appeal bond because § 541(b) did not define costs to include attorney's fees at the appellate level. See Hirschensohn, 1997 WL 307777, at *3 (citing Vasquez, 617 F.2d at 335-36).

Although we are unsure which one of the Hirschensohn tests the Third Circuit recommends, the latter test has been adopted in other circuits with a slightly different underlying rational. Unlike the Hirschensohn court, the Second Circuit in Adsani v. Miller, 139 F.3d 67, 74-5 (2d Cir. 1998), found FED. R. APP. P. 39 to be unhelpful in determining which costs may be included in an appeal bond. The court noted that FED. R. APP. P. 39 determines under what circumstances costs go to the prevailing party at the appellate level, and it provides certain procedures for paying the enumerated costs. Id. at 74. Federal Rule of Appellate Procedure 39's

limited definition of costs is not exhaustive, according to the Second Circuit, because Rule 39's opening sentence states that the rule only applies "unless the law provides otherwise or the court orders otherwise. . . ." Id. (citing Marek v. Chesney, 473 U.S. 1 (1985)). This is an indication that Rule 39 is only a default rule which may be altered by legislative intent or judicial discretion. The court reasoned that "costs" under Fed. R. App. P. 7 refer to all costs properly awarded in the action and is not limited by Fed. R. App. P. 39. Therefore, the district court should look to the statute underlying the plaintiff's cause of action for definition of costs. Id. Adsani was a copyright infringement case. The Second Circuit allowed the district court to include attorney's fees in the appeal bond because the federal copyright statute defined costs to include reasonable attorney's fees. Id., at 70, 72-72; see 17 U.S.C. § 505 ("[T]he court may also award a reasonable attorney's fee to the prevailing party as part of costs.") (emphasis added).

The Eleventh Circuit in Pedraza v. United Guar. Corp., meticulously analyzed whether attorney's fees are subject to appeal bonds issued pursuant to Fed. R. App. P. 7. See Pedraza, 313 F.3d at 1329-35. After rejecting the reasoning of Hirschensohn, the court stated that costs under Fed. R. App. P. 7 are to be determined by reference to Fed. R. Civ. P. 68 because they have similar language and legislative intent. Id. at 1330-32 & n.12. ("[T]he exclusion of attorney's fees from Rule 39 'costs' in no way informs (or purports to inform) the definition of the term 'costs' in Rule 7."). Although Fed. R. Civ. P. 68 does not define costs, the Pedraza court stated that Rule 68 has been interpreted to define costs with reference to the definition of costs contained in the statute underlying the plaintiff's cause of action. Id. at 1331-32 ("[T]he reasoning that guided the Marek Court's determination that Rule 68 'costs' are to be defined with reference to the underlying cause of action is equally applicable in the context of Rule 7."). After

looking at the cost-shifting provision of the underlying statute, the Eleventh Circuit found that the district court improperly included attorney's fees in the appeal bond. The underlying statute, the Real Estate Settlement Procedures Act, did not define "costs" to include attorney's fee when it provided that "the court may award to the prevailing party the court costs <u>together with</u> reasonable attorney's fees." <u>Id.</u> at 1333-34 (quoting 12 U.S.C. § 2607(d)(5). According to the statute's plain meaning, the statute clearly listed attorney's fees as an additional expense separate from court costs.

We note that <u>Hirschensohn</u>, <u>Adsani</u> and <u>Pedraza</u> are not binding on this court. The current circuit split does not effect the outcome of this case because O'Keefe is not entitled to include attorney's fees under either test discussed in <u>Hirschensohn</u>.

Obviously, if the Third Circuit maintains that FED. R. APP. P. 39's definition of "costs" is binding on FED. R. APP. P. 7 appeal bonds, then attorney's fees may never be included in appeal bonds. Therefore, O'Keefe's requested appeal bond may not include attorney's fees.

Under the second test, we must look to the underlying statute for the definition of "costs." O'Keefe argues that we should look to New Jersey's Consumer Protection Statute.[3] The New Jersey Consumer Protection statute provides that "in all actions under this section, ..., the court

---

[3] As we stated in our April 2, 2003 Opinion, the parties still strenuously dispute the choice of law issue but decided to settle the case before conducting a choice of law inquiry. <u>See</u> <u>O'Keefe,</u> – F. Supp. 2d –, 2003 WL 1826501, at *4 n.3 ("We agree with Defendants in so far as a full choice of law analysis is premature and unnecessary because this case is being settled in part to avoid further litigation expenses and risks."). O'Keefe originally filed his claims under Pennsylvania's Unfair Trade Practices and Consumer Protection Laws, 73 P.S. § 201-1. He later amended his complaint to assert the New Jersey Consumer Protection claims. We will analyze this motion as if New Jersey law applies because O'Keefe has not presented an alternative argument regarding another potential state's fee-shifting or cost defining statute. Moreover, Objectors/Appellants have not challenged O'Keefe's assertion that New Jersey law applies.

shall also award reasonable attorney's fees, filing fees and reasonable costs of suit." N.J.S.A. § 56:8-19 (2003).  Under the plain meaning of this statute, "costs" do not include attorney's fees. Instead, attorney's fees, filing fees and costs are three separate categories of expenses.  This case is analogous to Pedraza where attorney's fees were a separate expense from costs.  See Pedraza, 313 F.3d at 1333-34.  The appeal bond requested by O'Keefe may not include attorney's fees because the statute underlying the class claims does not define "costs" to include attorney's fees.

We will order Objectors/Appellants to post an appeal bond that includes all other costs requested by O'Keefe because the Objectors/Appellants did not oppose their inclusion or imposition.

### B.  The Supersedeas Bond Will Be Denied

The issue presented here is whether a supersedeas bond may be granted in the absence of a motion for a stay in view of the fact that the terms of the parties' Settlement Agreement provide for a de facto stay of the Settlement in case of appeal.  We find that it may not.

A supersedeas bond is defined as "[a] bond required of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful."  BLACK'S LAW DICTIONARY 738 (6th ed. 1990).  Pursuant to FED. R. CIV. P. 62(d), an appellant may obtain a stay by giving a supersedeas bond.[4]  The stay is not effective until the bond is approved by the court.  FED. R. CIV. P. 62(d).  A party must move in the district

---

[4] The specific language of Rule 62(d) states:  "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule.  The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be.  The stay is effective when the supersedeas bond is approved by the court."  FED. R. CIV. P. 62(d).

court for approval of the supersedeas bond. FED. R. APP. P. 8(a)(1)(B).

Judge Bechtle of this court already has held that the district court has no power to grant a supersedeas bond, except pursuant to an appellant's motion for a formal stay of execution. In re Diet Drugs v. Am. Home Prods. Corp., No. 99-20593, 2000 WL 1665134, at *3 (E.D. Pa. Nov. 6, 2000). In that case, Class Counsel moved to impose a supersedeas bond on the Objectors as a condition of pursuing an appeal. Id. at *1. Although the court found that the nature of the bond requested by Class Counsel was an appeal bond, not a supersedeas bond, it went on to note that the language of FED. R. CIV. P. 62(d) "indicates that a co-requisite to imposition of a supersedeas bond is a motion for a stay by the *appellant*." Id. at *2 (emphasis in original). Furthermore, the court found no language in the federal rules to indicate "that an *appellee* [could] move the court for imposition of a supersedeas bond." Id. at *2-3 (emphasis in original); see also U.S. ex rel Terry Inv. Co. v. United Funding & Investors, Inc., 800 F. Supp. 879, 881 (E.D. Ca. 1992) (stating that FED. R. CIV. P. 62(d) does not expressly provide that the district court, on its own or on motion from appellee, can order appellant to post a supersedeas bond when appellant has not moved for a stay). Because the Objectors did not move to stay the settlement agreement, the court concluded that it had no authority to impose a supersedeas bond on the Objectors. In re Diet Drugs, 2000 WL 1665134, at *3.

Likewise, the Objectors/Appellants here have not moved for a stay under FED. R. CIV. P. 62(d), but this is because the Settlement Agreement itself created a de facto stay if any party appealed our April 2, 2003 Order approving the Settlement. Instead, the Plaintiff moves under FED. R. APP. P. 8(a)(1)(B) to impose a supersedeas bond on the Objectors/Appellants. This Court has not found, nor has counsel for either the Plaintiff or the Objectors/Appellants cited, any

authority directly on point.

Plaintiff asserts that the factors to be considered for determining whether to impose a supersedeas bond under FED. R. APP. P. 8 are the following:

1. a strong showing that appellee will prevail on the merits;
2. whether appellee has shown that without relief it will be harmed;
3. whether issuance of the stay will harm other parties interested in the proceedings; and
4. whether the public interest would be served by granting supersedeas relief.

(Plt.'s Joint Mot. and Mem. ¶ 39.)  However, these factors have been identified by the Supreme Court as the standard for determining whether a stay pending appeal should be granted, not whether a district court should approve a supersedeas bond in light of a de facto stay.  See Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

Plaintiff also argues that the disjunctive provisions[5] of FED. R. APP. P. 8(a)(1) do not require a party to motion for both a stay and for approval of a supersedeas bond.  (Plt.'s Reply Mem. at 6.)  However, as previously stated, Judge Bechtle of the Eastern District of Pennsylvania, as well as other courts, have held that a supersedeas bond may not be imposed absent an appellant's formal motion for a stay.[6]  See, e.g., In re Diet Drugs, 2000 WL 1665134, at

---

[5] In relevant part, Rule 8(a)(1) states that "[a] party must ordinarily move first in the district court for the following relief:  (A) a stay of the judgment or order of a district court pending appeal or (B) approval of a supersedeas bond...."  FED. R. APP. P. 8(a)(1) (emphasis added).

[6] Plaintiff claims that the Objectors/Appellants are taking "unfair advantage" of certain conditions in the Settlement Agreement that provide for a de facto stay of the Settlement without filing a motion under FED. R. APP. P. 8(a)(1)(A) or (C).  (Plt.'s Joint Mot. and Mem. ¶ 38.) Although the Court is sympathetic, this type of situation was not totally unforeseeable to the Plaintiff, and he should have negotiated the terms of the Settlement accordingly.

*3 (concluding that the district court has no power to approve a supersedeas bond without appellant's motion for a stay); Terry Inv. Co., 800 F. Supp. at 881-82 (rejecting plaintiff's argument that state court's refusal to enforce judgment against defendant created a de facto stay because the district court lacked the authority to grant a supersedeas bond in the absence of appellant's motion to stay).  For the reasons stated herein, Plaintiff's motion for a supersedeas bond will be denied.

III.  Conclusion

Plaintiff's motion will be granted in part and denied in part.  We will deny Plaintiff's request for a supersedeas bond because the Objectors/Appellants have not requested a stay.  We will grant Plaintiff's motion for an appeal bond in so far as it covers copying, printing and reproduction fees.  Attorney's fees will not be included in the $13,467 appeal bond.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. O'KEEFE | : |
| Plaintiff, | : |
| | : Civil Action No. 01 - CV - 2902 |
| v. | : |
| MERCEDES-BENZ USA, LLC | : |
| Defendant. | : |

ORDER

AND NOW, this 4th day of June, 2003, upon consideration of Plaintiff Joseph A. O'Keefe's Joint Motion and Memorandum for the Assessment of an Appeal Bond and a Supersedeas Bond filed on May 6, 2003 [#181]; Objector's Memorandum in Opposition filed on May 23, 2003 [#184]; and Plaintiff Joseph A. O'Keefe's Reply Memorandum filed on May 28, 2003 [#185], it is hereby ORDERED consistent with the Court's Memorandum as follows:

    1. Plaintiff Joseph A. O'Keefe's motion for the assessment of an appeal bond and a supersedeas bond is GRANTED IN PART and DENIED IN PART. The motion is GRANTED IN PART with respect to FED. R. APP. P. 7 and DENIED with respect to FED. R. APP. P. 8(a)(1)(B) & 8(a)(2)(E);

    2. Objector/Appellants Nicole Yatooma, Ronald Pitts, Sandra Pitts, Shoals Provisions, IN.c, and Horace W. Kynard and their counsel, John Quincey Somerville, Perry G. Shuttlesworth, Robert W. Bishop, Bryan D. Marcus and Norman A. Yatooma, jointly and

severally, are directed to post an appeal bond pursuant to FED. R. APP. P. 7 in the amount of $13,467.00 to secure payment of Plaintiff/Appellee Joseph A. O'Keefe's costs on appeal;

    3. The bond pursuant to FED. R. APP. P. 7 shall be posted within fourteen (14) days of the date of this Order.

BY THE COURT:

_____
Franklin S. Van Antwerpen, U.S.D.J.